# EXHIBIT 2



# NON-DISCLOSURE AGREEMENT

THIS NON-DISCLOSURE AGREEMENT ("**Agreement**") is made and entered into as of December 16, 2022, between Clear Street LLC and Sabby Management LLC. It is anticipated that either party may from time to time disclose (in that capacity, the "**Discloser**") to the other party (in that capacity, the "**Recipient**") certain Confidential Information (as defined below), which the Discloser regards as proprietary and confidential. In consideration of the mutual covenants contained in this Agreement, the parties agree as follows:

1. "Confidential Information" means any information disclosed by the Discloser to the Recipient, either directly or indirectly, in writing, orally or by inspection of tangible objects (including, without limitation, financial information, trading data, market data, strategy information, trading positions, trading parameters, technical data, trade secrets, know-how, actual and anticipated research, developments or products, product plans, software, hardware, configurations, inventions, processes, discoveries, formulas, concepts, ideas, designs, personnel, markets, marketing plans, business plans and finances). Confidential Information shall not, however, include any information which (i) was publicly known and made generally available in the public domain prior to the time of disclosure by the Discloser; (ii) becomes publicly known and made generally available after disclosure by the Discloser to the Recipient through no direct or indirect action or inaction of the Recipient; (iii) is already in the possession of the Recipient at the time of disclosure by the Discloser as shown by the Recipient's written files and records immediately prior to the time of disclosure; (iv) is obtained by the Recipient from a third party without a breach of such third party's obligations of confidentiality; or (v) was, is, or becomes independently developed by the Recipient or its Representatives (as defined below) without the use of or reference to Confidential Information. .

2. Non-use and Non-disclosure. Recipient agrees to use Confidential Information disclosed to it by the Discloser solely for the purpose of a potential prime brokerage relationship (the "**Purpose**"). Recipient agrees not to disclose any Confidential Information of the Discloser to any third parties, except to Representatives (as defined below) who are required to have the Confidential Information for the performance of the Purpose subject to the provisions set forth herein; provided however that the Recipient shall be responsible for any breach of the terms of this Agreement by it or its Representatives. "**Representatives**" shall mean (i) employees, members, owners, or consultants of the Recipient; and (ii) attorneys or accountants of the Recipient, in each case, who shall be informed of the confidential nature of the Confidential Information and shall agree to act in accordance with the terms of this Agreement.

3. Maintenance of Confidentiality.

    (a) Recipient agrees that it shall take the highest measures to protect the secrecy of and avoid disclosure and unauthorized use of the Confidential Information. Without limiting the foregoing, Recipient shall take at least those measures that it takes to protect its own confidential information, but, in any event, no less than reasonable degree of care and shall ensure that its Representatives who have access to Confidential Information have signed a non-use and non-disclosure agreement or obligations in content similar to the provisions hereof, prior to any disclosure of Confidential Information to any Representative. Recipient shall not make any copies of the Confidential Information unless the same are previously approved in writing by the Discloser. On approved copies of the Confidential Information, Recipient shall reproduce the Discloser's proprietary rights notices in the same manner in which such notices were set forth in or on the original. Recipient shall immediately notify in writing the Discloser in the event of any unauthorized use or disclosure of the Confidential Information.

P a g e | **2**

(b)  Notwithstanding anything otherwise set forth herein, the parties may disclose Confidential Information: (i) where required by law, rule, or regulation; (ii) to the extent required by a government agency, regulatory/self-regulatory authority or stock exchange with regulatory or oversight jurisdiction over the Recipient; or (iii) in the course of inspections, examinations or inquiries by any government agency, regulatory/self-regulatory authority or stock exchange that has required the inspection of records that contain the Confidential Information; provided, however, that such party will advise the agency, authority, or exchange to which such disclosure is made of the confidential nature of such material and will exercise reasonable efforts to request assurances that confidential treatment will be accorded to such Confidential Information.  If the Recipient receives a subpoena or other validly issued administrative or judicial process requesting Confidential Information, the Recipient shall provide prompt actual notice, where permitted, to the other party to provide that party with a reasonable opportunity to seek an appropriate protective order at its expense.  The Recipient shall, in addition, only disclose that portion of the Confidential Information that, in the opinion of its counsel, it is required to disclose.

4. <u>No Obligation</u>. This Agreement does not constitute a joint venture or other such business agreement.

5. <u>No Warranty</u>. All confidential information is provided "as is." Discloser makes no warranties, whether express, implied, or otherwise, regarding its accuracy, completeness, or performance, except that it has the right to disclose its Confidential Information to the Recipient.

6. <u>Return of Materials</u>. The Recipient agrees that all Confidential Information of the Discloser, including any copies thereof, shall be returned to the Discloser or destroyed (at the election of the Recipient) upon request; provided, however, that either party and its Representatives may retain Confidential Information to the extent that it is: (a) required by law, rule, or regulation; (b) required under the rules or regulations of any government agency, regulatory/self-regulatory authority or stock exchange with regulatory or oversight jurisdiction over the Recipient; (c) necessary to comply with the internal document retention policies of the Recipient that are designed to adhere to the relevant laws, rules and regulations to which the Recipient is subject; or (d) maintained electronically in systems from which it is not reasonably practicable to delete Confidential Information.  The confidentiality terms set out in this Agreement shall continue to apply to any Confidential Information so retained and notwithstanding termination of this Agreement.

7. <u>No License</u>.  Nothing in this Agreement is intended to grant any rights to the Recipient under any patent, copyright, mask work right or other right of the Discloser, nor shall this Agreement grant Recipient any rights in or to the Confidential Information of the Discloser except as expressly set forth herein.

8. <u>Term</u>.  This Agreement shall be in force and effect for a period of two (2) years commencing on the date hereof, unless terminated earlier upon thirty (30) days prior written notice by either Party to the other.  The obligations of confidentiality hereunder with respect to Confidential Information shall survive for five (5) years following the termination or expiration of this Agreement for any reason; provided, however, that with respect to trade secrets, the obligation of confidentiality and non-use shall continue for so long as such information is subject to protection as a trade secret by the Discloser.

9. <u>Remedies</u>.  Recipient agrees that its obligations hereunder are necessary and reasonable to protect the Discloser and the Discloser's business, and that monetary damages would be inadequate to compensate the Discloser for any breach of any covenant set forth herein.  Accordingly, Recipient agrees and acknowledges that any violation or threatened violation of this Agreement may cause irreparable injury



to the Discloser, entitling the Discloser to seek injunctive relief, in addition to all other remedies that may be available, in law or at equity.

      10.    <u>Governing Law</u>.  This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York, without regard to conflict of law principles. Each party consents and submits to the exclusive jurisdiction of the courts of the State of New York and the courts of the United States located in New York County, New York for the adjudication of any action or legal proceeding relating to or arising out of this Agreement; except that the Discloser may seek injunctive relief to protect its Confidential Information in any court worldwide.  Each party hereby irrevocably waives any right to trial by jury in any legal proceeding arising out of or related to this agreement.

      11.    <u>Miscellaneous</u>.  This Agreement shall bind and inure to the benefit of the parties hereto and their successors and assigns, provided that Confidential Information and the rights and obligations under this Agreement may not be assigned without prior written consent of the Discloser. This Agreement contains the entire agreement between the parties with respect to the subject matter hereof, and neither party shall have any obligation, express or implied by law, with respect to trade secret or proprietary information of the other party except as set forth herein.  Any failure to enforce any provision of this Agreement shall not constitute a waiver thereof or of any other provision.  In case any provision of this agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions of the Agreement shall not in any way be affected or impaired thereby. This Agreement may not be amended, nor any obligation waived, except by the written approval of both parties hereto.  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.  Counterparts may be executed in either original or electronic form in conformity with the U.S. federal ESIGN Act of 2000 (e.g., Adobe Sign, DocuSign, HelloSign), which shall be accepted as if they were original execution signatures.  The parties further agree that an electronic signature on any contract, certificate or other document delivered to the other party shall constitute a true and original signature of the party delivering the electronic signature.

| **Clear Street LLC** | **Sabby Management LLC** |
|---|---|
| By: _Scott Gutmanstein_ (DocuSigned) | By: _[signature]_ (DocuSigned) |
| Name: Scott Gutmanstein | Name: Robert grundstein |
| Title: General Counsel | Title: COO and General Counsel |
| Date: 16 December 2022 | Date: 16 December 2022 |

[Signature page to Mutual Non-Disclosure Agreement December 16, 2022]

