

*Michael Van Riper*
*212.421.2902*
*mvanriper@wilkauslander.com*

June 24, 2024

**VIA ECF AND FEDEX**

Hon. Ann Marie Donio
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

    Re:    *Hal D. Mintz and Sabby Management LLC v. U.S. Securities and Exchange Commission*, Case No. 1:24-cv-06854-RMB-AMD ("Subpoena Action")

           - and -

           *U.S. Securities and Exchange Commission v. Hal D. Mintz and Sabby Management LLC*, Case No. 2:23-cv-3201-RMB-AMD ("Main Action")

Dear Judge Donio:

    We represent Defendants Hal D. Mintz and Sabby Management, LLC ("Sabby") in the above-titled Main Action (together, "Defendants"). In accordance with the Court's order of June 17, 2024 (ECF No. 24), Defendants respectfully submit the following letter brief in support of their motion to quash, which supplements their original moving brief in the Southern District of New York by reviewing Third Circuit law on party standing and the governing legal standard under Federal Rule of Civil Procedure 45(d). Defendants respectfully refer the Court to Defendants' opening brief in support of the motion to quash (the "Moving Brief") (ECF No. 6) for a more detailed discussion of the facts and Defendants' arguments in support of that motion, but will also briefly outline them below. Ultimately, under either the law of the Second Circuit or the law of the Third Circuit, the Court should grant the motion.

    **I.**    **Procedural Background**

    Plaintiff U.S. Securities and Exchange Commission (the "SEC") served a subpoena, dated March 25, 2024 (the "Subpoena") on non-party broker Clear Street LLC ("Clear Street"). (ECF No. 5-1). The Subpoena seeks "all" of Clear Street's records concerning trades by Sabby in four publicly listed companies over five different time periods in 2023, along with all of Clear Street's documents and communications concerning those trades. (*See* Mov. Br. 2).

    The SEC's underlying complaint in the Main Action (the "Complaint"), which alleges that Defendants violated securities laws in connection with certain short sales and seeks civil penalties, injunctive relief, and disgorgement, does not mention or refer to Clear Street. (ECF No. 5-2). Nor

does it mention or refer to the companies identified in the Subpoena, nor any trading by Defendants during the five time periods in 2023 specified in the Subpoena. Rather, the Complaint alleges improper trading in the securities of an entirely different group of companies between March 2017 and May 2019 – *four-to-six years earlier*. (Compl. ¶ 1).

## II. Defendants Have Standing to Move to Quash the Subpoena

Under Third Circuit law – just as under Second Circuit law – Defendants unquestionably have standing to move to quash the Subpoena directed to Clear Street.

It is well-established that a party with a "personal right," "property right," or "privilege" in materials or information sought by a subpoena has standing to move to quash it – even where the movant was not itself the subpoena recipient. *See Ramos v. Walmart, Inc.*, No. 21-cv-13827, 2023 WL 2327208, at *3 (D.N.J. Mar. 2, 2023) ("[A] party to the litigation may move to quash when he or she has a personal right or privilege with respect to information sought by the subpoena"). For example, where a subpoena seeks "confidential and proprietary information regarding" a company's "business operations," that company "has standing to challenge" it. *Lakeview Pharm. of Racine, Inc. v. Catamaran Corp.*, No. 15-cv-00290, 2017 WL 4310221, at *5 (M.D. Pa. Sept. 28, 2017). Likewise, a "party has sufficient standing to challenge a subpoena issued to a bank that seeks disclosure of that party's financial records." *Werner Deconstruction, LLC v. Siteworks Services NY, Inc.*, No. 15-cv-7682, 2016 WL 11804774, at *4 (D.N.J. Aug. 1, 2016) (motion to quash granted in part and denied in part); *see also Wright v. State of New Jersey*, No. 14-cv-8002, 2017 WL 11633768, at *2 (D.N.J. Feb. 16, 2017) (Donio, M.J.) ("[A] party's claim of 'personal privilege' regarding the production sought by the non-party subpoena may suffice to confer standing.")

The Subpoena targets materials that would reveal Sabby's confidential, proprietary hedge fund strategies, as set forth in detail and with supporting exhibits in the Declaration of Hal D. Mintz. (ECF No. 4); (*see also* Mov. Br. 7-8). Defendants therefore have standing to move to quash the Subpoena here.

## III. The Subpoena Impermissibly Seeks Irrelevant Documents

### A. Legal Standard: the Issuing Party Must Demonstrate that a Subpoena Seeks Relevant Material Under Rule 26 and that the Relevance of and Need for that Material (If Any) Outweighs the Moving Party's Interest in Protecting that Material

Under Third Circuit law – just as under Second Circuit law (Mov. Br. at 9) – "[a] request for discovery pursuant to a subpoena must comply with the requirements of Federal Rule of Civil Procedure 26(b)(1)." *Wright*, 2017 WL 11633768, at *3. Where a subpoena seeks discovery broader than that allowed by Rule 26(b)(1), quashing it is proper. *See id.* at *4; *Schmulovich v. 1161 Rt. 9 LLC*, No. 07-cv-597, 2008 WL 4572537, at *4 (D.N.J. Oct. 14, 2008) (where subpoena falls outside scope of discovery permissible under Rule 26(b)(1), "then, upon a timely motion, the Court has authority to quash or modify same.")

Moreover, it is the burden of the party issuing a subpoena to demonstrate that the requested materials and information fall within the scope of discovery set forth in Rule 26. *See, e.g.*, *Ramos*, 2023 WL 2327208, at *7("The principle that the party seeking discovery bears the burden to establish its relevance and proportionality applies with equal force in the context of a motion to quash a subpoena"). That is, the issuing party "must demonstrate that the documents requested … relate[] to the claims and defenses at issue in" the case. *Id*.

Only if the issuing party demonstrates that the discovery it seeks via the subpoena is proper under Rule 26 does the burden then shift to the party challenging the subpoena to show that it should be quashed or modified under Rule 45(d)(3). *See Ramos,* 2023 WL 2327208, at *2 ("[W]hen objections to [a motion to quash] are raised, the party seeking discovery must demonstrate, as an initial matter, that the information sought falls within the permissible scope of discovery under Rule 26(b)…[o]nce the subpoenaing party has shown that the documents requested are relevant, the objecting party must demonstrate why discovery should nevertheless be denied.") (citation omitted)

Courts then conduct a balancing test, weighing the following factors: "1) relevance, 2) the need of the party for the documents, 3) the breadth of the document request, 4) the time period covered by it, 5) the particularity with which the documents are described, 6) the burden imposed, and 7) the subpoena recipient's status as a nonparty to the litigation." *Id.* at *2; *see also Lakeview Pharmacy,* 2017 WL 4310221, at *7 ("[E]ven assuming the document requests bear some minimal relevance to Plaintiffs' [] claims, the Employer Subpoenas must nevertheless be quashed. Balancing the various factors applied by courts in this district when evaluating the reasonableness of third-party discovery, this Court finds that the breadth of the requests and their lack of close nexus to the issues presented in this employment discrimination action far outweigh [Defendant's] articulated need for the documents.") (citation omitted).

### B. The Subpoena Seeks Wholly Irrelevant Discovery

Here, the SEC cannot satisfy its threshold burden of demonstrating that the materials it seeks via the Subpoena are relevant to the claims and defenses in this action. *See, e.g., Ramos,* 2023 WL 2327208, at *7. To the contrary, the Subpoena seeks discovery that falls wholly outside the Complaint's allegations, which the SEC was required to plead with particularity.[1] The Complaint does not refer to Sabby's trading in any of the four companies identified in the Subpoena. Worse yet, the Complaint does not allege *any* improper trading by Defendants in *any* company during 2023 (the time period identified in the Subpoena), or during 2022, or 2021, or even 2020. Indeed, the latest allegation concerning trading in the Complaint is May 2019 – four years before the earliest time period identified in the Subpoena. (Mov. Br. at 6-7).

---

[1] *See Sec. and Exch. Commn. v. Hug*, No. 19-16290, 2022 WL 855659, at *8 (D.N.J. Mar. 22, 2022) (SEC must "plead[] particularized facts" to satisfy Rule 9(b)); *United States v. Bracco USA, Inc.*, No. 20-cv-8719, 2022 WL 17959578, at *6 (D.N.J. Dec. 27, 2022) ("'[i]n alleging fraud …, a party must state with particularity the circumstances constituting fraud . . . .'")

Moreover, to the extent that the SEC argues that the Subpoena may ultimately reveal material useful to its case, that is insufficient: "it would be inappropriate to allow parties to engage in discovery on proposed claims, issues and persons which are not currently part of a lawsuit, solely on the basis of a speculative assertion that these claims and parties may someday become part of the pending litigation." *Breslin v. Dickinson Tp.*, No. 09-cv-1396, 2011 WL 3359638, at *2 (M.D. Pa. Aug. 3, 2011); *see also Wright*, 2017 WL 11633768, at *4 (granting motion to quash and denying motion to compel where attempts to compel production of documents sought by subpoena "amount to little more than a fishing expedition.")

    C.    **Defendants' Interests In Maintaining the Confidentiality of Their Proprietary Business Information Far Outweigh Any "Need" the SEC May Have For It**

Even if the Court were to find that the SEC has met its initial burden, moreover, the resulting balancing test still would require quashing the Subpoena.

Defendants have established significant confidentiality interests in their trading records and the strategy revealed in such records. (*See* Mintz Decl. ¶¶ 18-22, Exs. A and B; Mov. Br. at 11). That showing more than satisfies any burden they may bear to show that quashing the Subpoena is justified under Rule 45(d)(3). *See* Fed. R. Civ. P. 45(d)(3)(B)(i) (permitting courts to quash or modify subpoenas that require "disclosing a trade secret or other confidential research, development, or commercial information"). Given the glaring disconnect between the Subpoena requests and the existing Complaint allegations, Defendants' interests in maintaining their confidential, proprietary information far outweigh whatever need the SEC may have for the requested documents. The Court should therefore quash the Subpoena.

Accordingly, Defendants respectfully request that the Court grant its motion to quash.in its entirety.

    Respectfully submitted,

    **WILK AUSLANDER LLP**

    */s/ Michael Van Riper*
    Michael Van Riper
    Jay S. Auslander (*admitted pro hac vice in Main Action*)
    Aari Itzkowitz (*admitted pro hac vice in Main Action*)
    825 Eighth Avenue, Ste. 2900
    New York, New York 10019
    (212) 421-2902
    mvanriper@wilkauslander.com
    jauslander@wilkauslander.com
    aitzkowitz@wilkauslander.com